IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TRACY BERNARD WILLIAMS                                                    PLAINTIFF

v.                              Civil No.4:10-cv-04053

WARDEN TURNER, Miller
County Correctional Facility;
NURSE WILLIAMS; DR. NASH;
KIM VILLANCOURT; and
CORRECTIONAL HEALTH CARE
MANAGEMENT                                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff, Tracy Bernard Williams, an inmate of the Miller County Correctional Facility, filed

this civil rights action pursuant to 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis*.

This case is before me pursuant to the consent of the parties (Doc. 20).

Separate Defendants Nurse Williams, Nurse Cheatham, Nurse Stewart, Dr. Nash, Kim

Villancourt and Correctional Healthcare Management, filed a motion to dismiss (Doc. 12).  In the

motion, Defendants contend Plaintiff failed to exhaust his administrative remedies prior to filing suit

in federal court as is required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  Plaintiff

has filed a response to the motion (Doc. 27) and a supplement to his response (Doc. 30).

## I.  BACKGROUND

Plaintiff filed this case contending he is being denied adequate medical care while

incarcerated at the Miller County Correctional Facility (MCCF).  Specifically, he maintains he is:

being denied his chemotherapy medication for Chronic Myelogenous Leukemia because of the cost

of the medication; being denied proper treatment for a bleeding rectum; always cold because of low

blood and is being denied an extra blanket to keep him warm; and not being provided his blood

pressure medication on a regular basis.

Plaintiff alleges he never received any responses to his grievances nor does he get them back. (Doc. 1 pg. 5).  Instead, each time he submits a grievance or writes Warden Turner, he states he is called down the nurses' office and they "jump down my throat."  *Id*.   In a supplement to the complaint, Plaintiff indicates he has written "a ton of grievances."  (Doc. 8 pg. 1).  In another supplement,  Plaintiff asserts he has written grievances to the sheriff, Warden Turner, and Nurse Williams.  (Doc. 9 pg. 1).

## II.  DISCUSSION

As noted above, Defendants ask that the case be dismissed for failure to exhaust available administrative remedies. As amended by the Prison Litigation Reform Act (PLRA),  42 U.S.C. § 1997e(a) mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

"This provision does not require exhaustion of *all* remedies; it requires the exhaustion of "such administrative remedies as are available."  *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001).  The PLRA does not contain a definition of the term "available."  However, the Eighth Circuit has noted that "the plain meaning of the term 'available' is 'capable of use for the accomplishment of a purpose: immediately utilizable . . . accessible.'" *Id.* (*citing Webster's Third New International Dictionary* 150 (1986)).

The Supreme Court in *Booth v. Churner*, 532 U.S. 731, 738-39 (2001) held that "exhaustion is required where administrative remedies are available even if the available administrative remedies do not provide the precise, or full, relief sought."  *Walker v. Maschner*, 270 F.3d 573, 577 (8th Cir.

2001).  Further, the term "administrative remedies" has been held to encompass remedies not promulgated by an administrative agency.  *Concepcion v. Morton*, 306 F.3d 1347, 1352 (3d Cir. 2002).  Specifically, it has been held that a grievance procedure contained in a handbook constitutes an available administrative remedy within the meaning of § 1997e(a).  *Conception*, 306 F.3d at 1352.  When all claims have not been exhausted, the case is subject to dismissal.  *Kozohorsky v. Harmon*, 332 F.3d 1141, 1143-44 (8th Cir. 2003)(Adopting total exhaustion requirement which requires dismissal of mixed petitions (those containing both exhausted and exhausted claims); However, plaintiff should have been permitted to file an amended petition including only exhausted claims); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

The burden is on the Defendants to show the Plaintiff did not exhaust all available administrative remedies.  *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002).  The question that must be answered is whether there was a procedure available.  *Id.* at 809.

Williams asserts multiple times that he submitted grievances on the issues addressed in his complaint and supplements thereto, never received any responses, and never received copies back. Defendants have provided the Court with no information indicating how inmates at the MCCF are informed of the grievance procedure, what the grievance procedure is, or who responds to the grievances.  The Court has not been provided with an affidavit or any other information stating that Plaintiff's jail file was searched and no grievances were submitted regarding the issues in his complaint.  Quite simply, Defendants have failed to met their burden of showing the Plaintiff failed to exhaust his administrative remedies.

### III.  CONCLUSION

For the reasons stated, the motion to dismiss filed by Separate Defendants Nurse Williams,

Nurse Cheatham, Nurse Stewart, Dr. Nash, Kim Villancourt and Correctional Healthcare Management (Doc. 12) is denied.

DATED this 17th day of September 2010.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE