IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TRACY BERNARD WILLIAMS                                                    PLAINTIFF

     v.                              Civil No.4:10-cv-04053

WARDEN TURNER, Miller
County Correctional Facility;
NURSE WILLIAMS; DR. NASH;
KIM VILLANCOURT; and
CORRECTIONAL HEALTH CARE
MANAGEMENT                                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff, Tracy Bernard Williams (hereinafter Williams), an inmate of the Arkansas Department of Correction, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. This case is before me pursuant to the consent of the parties (Doc. 20).

Separate Defendant Kim Villancourt (hereinafter Villancourt) filed a motion to dismiss (Doc. 79). In the motion, Villancourt contends the complaint and supplements to it are devoid of any allegations against her. Williams filed a response to the motion (Doc. 95).

## I.  BACKGROUND

Williams filed this case contending he was denied adequate medical care while incarcerated at the Miller County Correctional Facility (MCCF). Specifically, he maintains he was: denied his chemotherapy medication for Chronic Myelogenous Leukemia because of the cost of the medication; denied proper treatment for a bleeding rectum; always cold because of low blood and was denied an extra blanket to keep him warm; and not provided his blood pressure medication on a regular basis.

Plaintiff alleges that for months he sought medical treatment from the medical staff and submitted multiple grievances to the "medical staff" in an effort to obtain the treatment he needed.

*See e.g.,* Doc. 1 at pg. 5.   On a number of occasions, Williams alleges he was taken to the nurses'

office and they "jumped down his throat." *Id.*  Williams makes other similar allegations regarding

the actions, or lack thereof, of the "medical staff" or the nurses.

In responding to the motion to dismiss, Williams indicates he wrote letters to Villancourt in

an effort to obtain medical care.  Doc. 95 at pg. 1.  He states he received no response.  *Id.*  Williams

believes Villancourt could have prevented his suffering if she had intervened on his behalf.  *Id.*  He

maintains she neglected him and his health for thirteen months.  *Id.* at pg. 2.

## II.  DISCUSSION

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and

plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint

must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on

its face.'"  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v.

Iqbal,* ___ U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on

the merits is more than a 'sheer possibility.'"  *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at

1949.  The standard does "not impose a probability requirement at the pleading stage; it simply calls

for enough fact to raise a reasonable expectation," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127

S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007), or reasonable inference, that the "defendant is liable

for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  *See Twombly*, 127 S. Ct. at 1965 ("And, of

course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of

those facts is improbable, and that a recovery is very remote and unlikely.")(quotation marks and

citation omitted).  *See also Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004)(While pro se

complaints are liberally construed, they must allege sufficient facts to support the claims.).

To state an Eighth Amendment denial of medical care claim, the inmate must show the defendant deliberately disregarded an objectively serious and known medical need. *See e.g., Alberson v. Norris*, 458 F.3d 762, 765 (8th Cir. 2006). Supervisory officials may be held liable only if they knew of the medical problems or of problems with the distribution of medication. *See e.g., Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007)(to establish personal liability of a supervisory defendant, plaintiff must show personal involvement in, or direct responsibility for, deprivation of constitutional rights).

In this case, it is true that the complaint and supplements filed by Williams did not set forth separate factual allegations regarding Villancourt. However, Williams repeatedly asserts that the medical staff or nursing staff denied him adequate medical care. Liberally construing these claims, we believe a plausible claim is asserted against Villancourt.

## III.  CONCLUSION

For the reasons stated, the motion to dismiss filed by Separate Defendant Kim Villancourt Doc. 79) is denied.

DATED this 8th day of June 2011.

/s/ *J. Marschewski*
  HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE