IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TRACY BERNARD WILLIAMS                                                                                  PLAINTIFF

        v.                              Civil No.4:10-cv-04053

WARDEN TURNER, Miller
County Correctional Facility;
NURSE WILLIAMS; DR. NASH;
KIM VILLANCOURT; and
CORRECTIONAL HEALTH CARE
MANAGEMENT                                                                                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff, Tracy Bernard Williams (hereinafter Williams), an inmate of the Arkansas Department of Correction, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. This case is before me pursuant to the consent of the parties (Doc. 20).

Separate Defendant Kim Villancourt (hereinafter Villancourt) filed a motion for summary judgment (Doc. 99). Williams filed a response to the motion (Doc. 104). Villancourt filed a reply brief (Doc. 107). The motion is now ready for decision.

## I.  BACKGROUND

Williams filed this case contending he was denied adequate medical care while incarcerated at the Miller County Correctional Facility (MCCF). Specifically, he maintains he was: denied his chemotherapy medication for Chronic Myelogenous Leukemia because of the cost of the medication; denied proper treatment for a bleeding rectum; always cold because of low blood and was denied an extra blanket to keep him warm; and not provided his blood pressure medication on a regular basis.

Plaintiff alleges that for months he sought medical treatment from the medical staff and submitted multiple grievances to the "medical staff" in an effort to obtain the treatment he needed.

*See e.g.,* Doc. 1 at pg. 5. On a number of occasions, Williams alleges he was taken to the nurses' office and they "jumped down his throat." *Id.* Williams makes other similar allegations regarding the actions, or lack thereof, of the "medical staff" or the nurses.

In responding to a motion to dismiss filed by Villancourt and in response to the summary judgment motion, Williams asserts he wrote letters to her in an effort to obtain medical care. *See* Doc. 95 at pg. 1; Doc. 104. He states he received no response. *Id.* Williams believes Villancourt could have prevented his suffering if she had intervened on his behalf. *Id.* He maintains she neglected him and his health for thirteen months. *Id.*

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "To survive summary judgment, a plaintiff must substantiate his allegations with enough probative evidence to support a finding in his favor." *Roeben v. BG Excelsior Ltd., Partnership*, 545 F.3d 639, 642 (8th Cir. 2008).

## III.  ARGUMENTS OF THE PARTIES

In the motion, Villancourt contends she did not provide any medical care to Williams and

is not a medical care provider. She supports her motion by an affidavit in which she maintains she only provided "administrative oversight" to the employees of Correctional Healthcare Management, Inc. Finally, she asserts she received no letters from Williams.

In contrast, Williams maintains he did send letters to Villancourt in an effort to obtain needed medical care and medication. However, he indicates he has never spoken to her, received no responses to his letters from her, and has no "proof" that she received the letters other than the fact that the letters were not returned to him. It is Williams' belief that Villancourt could have prevented his suffering if she took action.

### IV.  DISCUSSION

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998)(citation omitted). "It is well established that deliberate indifference to a prisoner's serious medical needs is cruel and unusual punishment in violation of the Eighth Amendment." *Langford v. Norris*, 614 F.3d 445, 459 (8th Cir. 2010)(internal quotation marks and citation omitted). In this circuit, it is settled law that deliberate indifference is the appropriate standard of culpability for all claims that detention center officials have denied inmates, whether in pretrial or convicted status, adequate medical care. *See Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006).

"In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th

Cir. 2011)(internal quotation marks and citation omitted).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)(quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

Supervisory officials cannot be held liable on a theory of respondeat superior. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010). Supervisory officials may be held liable only if they knew of the medical problems or of problems with the distribution of medication. *See e.g., Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007)(to establish personal liability of a supervisory defendant, plaintiff must show personal involvement in, or direct responsibility for, deprivation of constitutional rights).

On the record before me, there is nothing to suggest, other than Williams' bare allegations, that Villancourt knew of his serious medical needs and that she was deliberately indifferent to those needs.  I conclude that Williams has failed to produce sufficient evidence that Villancourt was involved in anyway in the decisions regarding his medical care. Certainly, there is nothing to support a finding that she was deliberately indifferent to his serious medical needs.

## V.  CONCLUSION

For the reasons stated, the motion for summary judgment (Doc. 99) filed by Separate Defendant Kim Villancourt is granted and all claims against her dismissed.

DATED this 12th day of July 2011.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE